**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

                                                    **Plaintiff,**

                        **v.**                                              **5:98-CV-1772**
                                                                                   **(FJS/GHL)**
**CARROLS CORPORATION,**

                                                    **Defendant.**

_____

**APPEARANCES**                                          **OF COUNSEL**

**EQUAL EMPLOYMENT OPPORTUNITY**         **ADELA P. SANTOS, ESQ.**
**COMMISSION**                                          **SUNU P. CHANDY, ESQ.**
33 Whitehall Street, 5th Floor                        **JUDY A. KEENAN, ESQ.**
New York, New York 10004
Attorneys for Plaintiff

**ORRICK, HERRINGTON &**                    **JOHN D. GIANSELLO, III, ESQ.**
**SUTCLIFFE LLP**                                   **MICHAEL DELIKAT, ESQ.**
666 Fifth Avenue
New York, New York 10103
Attorneys for Defendant

**FREEBORN & PETERS LLP**                  **JEFFREY J. MAYER, ESQ.**
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Attorneys for Defendant

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Defendant is a corporation that owns and operates approximately 350 Burger King

restaurants in sixteen states.  Prompted by a complaint that a former employee of Defendant's

Glens Falls, New York facility filed, Plaintiff commenced an investigation of Defendant's

employment practices, focusing on a nine-year period from 1993 through 2001.

Plaintiff brought this employment discrimination action under two distinct statutory provisions, 42 U.S.C. § 2000e-6 (§ 707 of Title VII), under which it brought pattern and practice claims, and 42 U.S.C. § 2000e-5(f)(1) (§ 706 of Title VII), under which it brought claims in its own name on behalf of individual female employees of Defendant.[1]   In a Memorandum-Decision and Order dated April 20, 2005, this Court granted Defendant's motion for summary judgment with respect to Plaintiff's pattern and practice claims.[2]

---

[1] Section 2000e-5(f)(1) provides in pertinent part that,

> [i]f within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. . . . If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . .

42 U.S.C. § 2000e-5(f)(1).

[2] To the extent that Plaintiff argues that the Court has not determined whether Plaintiff can maintain a pattern and practice claim under § 706, the Court clarifies its previous decision and advises the parties, to the extent that there is any confusion, that the only claims that remain in this action are the **class-based claims** that Plaintiff asserts in its own name, pursuant to § 706, on behalf of the **individual** aggrieved persons, all of whom were employees of Defendant during

(continued...)

Plaintiff has identified 511 individual employees (the "aggrieved persons"), whom it alleges Defendant subjected to discrimination in the following manner: (1) hostile work environment sexual harassment, (2) failure to remedy alleged instances of sexual harassment, (3) retaliation against employees who complained about sexual harassment, and (4) constructive discharge of employees by failing to remedy a hostile work environment. As a result of Defendant's actions, Plaintiff seeks (1) a permanent injunction enjoining Defendant from engaging in any employment practices that discriminate on the basis of sex, retaliation and/or constructive discharge; (2) an order requiring Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees engaged in protected activity and eradicate the effects of Defendant's past and present unlawful employment practices; (3) back pay, compensatory damages, and punitive damages for all individuals whom Defendant's unlawful employment practices have already affected; and (4) costs incurred in this action.

Currently before the Court is Defendant's motion for summary judgment with respect to Plaintiff's claims under 42 U.S.C. § 2000e-6.  *See* Dkt. Nos. 122, 133.  Plaintiff opposes this motion.  *See* Dkt. Nos. 128-132.

---

[2](...continued)
the relevant time period.

-3-

## II. DISCUSSION

**A.     Standard of review**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Although the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant, *see Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989) (citations omitted); *Eastway Constr. Corp. v. City of N.Y.*, 762 F.2d 243, 249 (2d Cir 1985) (citations omitted), a non-movant cannot defeat a motion for summary judgment by merely raising "metaphysical doubt" concerning the facts or by only offering conjecture or surmise, *see Delaware & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quotation omitted); *Travelers Ins. Co. v. Broadway W. St. Assocs.*, 164 F.RD. 154, 160 (S.D.N.Y. 1995) (holding that granting summary judgment for the moving party is appropriate "where the nonmovant's evidence is merely colorable, conclusory, speculative, or not significantly probative" (citing [*Anderson*, 477 U.S.] at 249-50, 106 S. Ct. at 2510-11) (other citations omitted)).  Rather, the non-movant must support its assertion that a fact is genuinely in dispute by citing to specific materials in the record that are in admissible form.  *See* Fed. R. Civ. P. 56(c)(1), (2).

**B.        Statutory framework – Section 706 of Title VII**[3]

"Section 706 permits the EEOC to sue a private employer on behalf of a 'person or

persons aggrieved' by the employer's unlawful employment practice." *E.E.O.C. v. CRST Van

Expedited, Inc.*, 611 F. Supp. 2d 918, 929 (N.D. Iowa 2009) (citing 42 U.S.C. § 2000e-5(f)(1)).

"The EEOC may file a § 706 lawsuit against a private employer, after the filing of a charge of

unlawful employment discrimination with the EEOC, if the EEOC finds 'reasonable cause' [to

believe that] the employer has violated Title VII." *Id.* (citations omitted).  As the Supreme Court

explained in *Gen. Tel. Co. of Nw., Inc. v. E.E.O.C.*, 446 U.S. 318 (1980), the seminal § 706 case,

"the EEOC need look no further than § 706 for its authority to bring suit in its own name for the

purpose, among others, of securing relief for a group of aggrieved individuals." *Id.* at 324.

However, prior to filing a suit, the EEOC must make "a good-faith attempt to settle the matter

through conciliation." *E.E.O.C. v. CRST Van Expedited, Inc.*, No. 07-CV-95-LRR, 2009 WL

2524402, *12 (N.D. Iowa Aug. 13, 2009) ("*CRST Van Expedited III*") (citation omitted).  As the

Supreme Court explained in *Occidental Life Ins. Co. of CA v. E.E.O.C.*, 432 U.S. 355 (1977),

> Congress established an integrated, multistep enforcement
> procedure culminating in the EEOC's authority to bring a civil
> action in a federal court.  That procedure begins when a charge is
> filed with the EEOC alleging that an employer has engaged in an
> unlawful employment practice.  A charge must be filed within 180
> [or 300] days after the occurrence of the allegedly unlawful

---

[3] The Court notes that it is well-settled that "'the EEOC may maintain its [§ 2000e-5(f)(1)] civil actions for the enforcement of Title VII and may seek specific relief for a group of aggrieved individuals without first obtaining class certification pursuant to Federal Rule of Civil Procedure 23.'"  *E.E.O.C. v. CRST Van Expedited, Inc.*, 611 F. Supp. 2d 918, 924 (N.D. Iowa 2009) (quoting *Gen. Tel.*, 446 U.S. at 333-34, 100 S. Ct. 1698 (footnote omitted)).  In other words, "the EEOC may pursue relief on behalf of a group of allegedly aggrieved persons 'even though competing interests are involved,' . . . or even if there is 'a huge variance in the nature and extent of the injuries suffered' within such group, . . . ." *Id.* (internal quotations omitted).

practice, and the EEOC is directed to serve notice of the charge on
the employer within 10 days of filing. . . .The EEOC is then
required to investigate the charge and determine whether there is
reasonable cause to believe that it is true.  This determination is to
be made "as promptly as possible and, so far as practicable, not
later than one hundred and twenty days from the filing of the
charge." . . . If the EEOC finds that there is reasonable cause it
"shall endeavor to eliminate any such alleged unlawful
employment practice by informal methods of conference,
conciliation, and persuasion."  When "the Commission (is) unable
to secure . . . a conciliation agreement acceptable to the
Commission, the Commission may bring a civil action against any
respondent not a government, governmental agency, or political
subdivision named in the charge." . . .

*Id.* at 359-60 (internal footnotes omitted).

Although the EEOC may bring suit with or without the consent of the aggrieved

individuals, it "stands in the shoes of those aggrieved persons in the sense that it must prove all

of the elements of their sexual harassment claims to obtain individual relief for them."  *CRST*

*Van Expedited*, 611 F. Supp. 2d at 929.  Similarly, if the EEOC prevails on behalf of the

aggrieved individuals, "the full range of legal remedies available to individuals is generally

available to the EEOC[.]"  For example, "[t]he EEOC is entitled to equitable relief, 42 U.S.C.

§ 2000e-5(g), and may also usually pursue compensatory and punitive damages, 42 U.S.C.

§ 1981a(a)(l)."  *Id.*

"Although a § 706 lawsuit must begin with a formal charge of discrimination, *Occidental*

*Life*, 432 U.S. at 359, a § 706 lawsuit 'is not confined to the specific allegations in the charge,'

*Delight Wholesale*, 973 F.2d at 668."  *CRST Van Expedited III*, 2009 WL 2524402, at * 13.

Although § 706 "does not expressly contemplate that the EEOC might bring suit as to matters

not contained in a charge of discrimination, it is a judicially created doctrine that '[a]ny

violations that the EEOC ascertains in the course of a reasonable investigation of the charging

party's complaint are actionable.'" *Id.* (quoting *Gen. Tel.*, 446 U.S. at 331 (citing *EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 364 (4th Cir. 1976) and *EEOC v. McLean Trucking Co.*, 525 F.2d 1007, 1010 (6th Cir. 1975))) (footnote omitted).  "In other words, the EEOC's lawsuit may include 'discrimination like or related to the substance of the allegations in the charge and which reasonably can be expected to grow out of the investigation triggered by the charge.'" *Id.* (quoting *Delight Wholesale*, 973 F.2d at 668).

Nonetheless, despite the leeway that the courts have afforded the EEOC by adopting the "reasonable investigation rule," this leeway "is broad but not absolute." *Id.*  "'The original charge is sufficient to support EEOC action, including a civil suit, for any discrimination . . . developed during a reasonable investigation of the charge, *so long as the additional allegations of discrimination are included in the reasonable cause determination and subject to a conciliation proceeding.*'" *Id.* (quoting [*Delight Wholesale*, 973 F.2d] at 668-69 (emphasis added)) (other citation omitted).  Thus, "[a]s long as the EEOC investigates, issues a reasonable cause determination for and conciliates the additional allegations of discrimination, the reasonable investigation rule is quite expansive." *Id.*

However, "the EEOC may not use the reasonable investigation rule to circumvent Title VII's 'integrated, multistep enforcement procedure' of investigation, determination and conciliation as to the additional allegations of discrimination." *Id.* at *14 (citing *Occidental Life*, 432 U.S. at 355).  "'[T]here must be investigation and conciliation of a claim before it is litigated.'" *Id.* (quoting *EEOC v. KECO Indus., Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984)).  Thus, although "the reasonable investigation rule allows the EEOC to expand its *administrative proceedings* beyond the mere allegations in a charge, the EEOC may only bring a § 706 lawsuit

-7-

to remedy allegations of discrimination it investigates, finds reasonable cause to believe are true and attempts in good-faith to conciliate." *Id.* (citations omitted).

With regard to Title VII's conciliation requirement, "'[n]othing less than a "reasonable" effort to resolve with the employer the issues raised by the complainant will do.'" *Id.* at *15 (quoting *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1260 (11th Cir. 2003)). "'This effort must, at a minimum, make clear to the employer the basis for the EEOC's charges against it.'" *Id.* (quotation omitted). "'Otherwise, it cannot be said that the [EEOC] has provided a meaningful conciliation opportunity.'" *Id.* (quotation omitted). "'[C]onciliation is at the hear of Title VII.' . . . A lawsuit is 'a last resort.' . . ." *Id.* (internal quotations omitted).

Finally, when the EEOC brings a suit in its own name under § 706 on behalf of a group of aggrieved persons, Title VII's statute of limitations, 42 U.S.C. § 2000e-5(e)(1) applies. *See E.E.O.C. v. CRST Van Expedited, Inc.*, 615 F. Supp. 2d 867, 877-78 (N.D. Iowa 2009) ("*CRST Van Expedited II*") (recognizing that "whereas some district courts appear to indicate the EEOC may be subject to a statute of limitations . . . other district courts appear to grant the EEOC the power to resurrect stale claims . . . [but holding that] the better reasoned authority holds that Title VII generally does not grant the EEOC the power to resurrect otherwise stale claims of unlawful employment discrimination" (internal citations and footnote omitted)). As the court in *CRST Van Expedited II* explained, "[t]he plain language of § 2000e-5 contemplates that the 'charge shall be filed by *or on behalf of the person aggrieved* within three hundred days after the alleged unlawful employment practice occurred[.]' 42 U.S.C. § 2000e-5(e)(1) (emphasis added). Section 2000e-5 makes no exception for the EEOC, even though it clearly contemplates EEOC enforcement actions." *CRST Van Expedited II*, 615 F. Supp. 2d at 878.

-8-

**C.      The individual claims of the class of aggrieved persons**

This case finds its genesis in a charge of discrimination that Wendy McFarlan filed with

Plaintiff on July 26, 1996.  On March 25, 1998, Plaintiff issued a determination with respect to

Ms. McFarlan's charge, in which Plaintiff stated, among other things, that the evidence showed

that "other female employees of [Defendant] were subjected to sexual harassment."  Plaintiff

commenced this action on November 17, 1998.  *See* Dkt. No. 1.  Plaintiff has identified 511

allegedly aggrieved persons on whose behalf it seeks relief under § 706.

In support of its motion for summary judgment, Defendant submitted a chart entitled

"Grounds for Summary Judgment Dismissal of Individual Claims," in which it lists each of the

allegedly aggrieved persons and the grounds, if any, upon which Defendant contends those

individuals' claims are subject to dismissal.  These grounds include "Untimely: Did not file

charge and unrelated to timely charge," "Untimely: Failure to exercise right to sue," "Untimely:

alleged [sexual harassment and/or retaliation] occurred prior to May 29, 1997," "Not supported

by admissible evidence," "Non-actionable sexual harassment," "Non-actionable retaliation,"

"Bound by prior determination of charge/claim," and "EEOC failed to exercise discretion [with

regard to] charge."  *See* Defendant's Memorandum of Law at Appendix "B."[4]

The Court has divided these arguments into two groups and will address each of those

groups separately.  The first group includes those grounds that are procedural in nature:

"Untimely: Did not file charge and unrelated to timely charge," "Untimely: Failure to exercise

_____

[4] Defendant acknowledges that there are a very small number of allegedly aggrieved persons to whom none of these grounds apply: (1) Jennifer Gregoire (Schermerhorn) #189, (2) Charlene Kamburelis #239, (3) Wendy McFarlan #293, and (4) Elizabeth Rachuna #353.  *See* Defendant's Memorandum of Law at Appendix "B."

right to sue," "Untimely: alleged [sexual harassment and/or retaliation] occurred prior to May 29, 1997," "Not supported by admissible evidence," "Bound by prior determination of charge/claim," and "EEOC failed to exercise discretion [with regard to] charge.  The second group includes those grounds that address the merits of the claims: "Non-actionable sexual harassment," and "Non-actionable retaliation."

### 1. Claims that fail for procedural reasons

There are several groups of claims that fail for procedural reasons.  One such group includes the claims of those individuals who filed their own charges of discrimination with their state's division of human rights and/or Plaintiff, and who, thereafter, either failed to avail themselves of the opportunity to seek Plaintiff's review of the state agency's decision or failed to file a suit within ninety days of receiving a right-to-sue letter from Plaintiff.  The Court grants Defendant's motion for summary judgment with respect to the claims of the following "aggrieved" persons whose claims fall in this category:[5]

> **#180 - Gochneaur**, Melanie; **#205 - Headley**, Linda; **#226 - Ingram**, Brandi**; #264 - Lett**, Renee; **#269 - Lomaglio**, Laura; **#292 - McElwain**, Donna; **#300 - Meredith**, Linda; **#332 - Parra**, Frances; **#467 - Walus**, Sandra; **#506 - Youngs**, Stacey

There is also one "aggrieved" person who filed a civil law suit regarding these same claims and settled that case with a general release of her claims.  The Court, therefore, grants Defendant's motion for summary judgment with respect to the claim of **#219 - Hummel**, Jessica.

---

[5] For ease of reference, throughout this Memorandum-Decision and Order, this Court will use the numbering system that Defendant used in its chart entitled "Grounds for Summary Judgment Dismissal of Individual Claims."

Another group of "aggrieved" persons whose claims fail on procedural grounds consists of those individuals whose claims are based on incidents that occurred prior to May 29, 1997. These claims are clearly stale, and the Court finds that Plaintiff cannot resurrect these stale claims in this action. *See CRST Van Expedited II*, 615 F. Supp. 2d at 877-78. Therefore, the Court grants Defendant's motion for summary judgment with respect to the claims of the following "aggrieved" persons:

> **#15 - Ast**, Erika; **#20 - Baldwin (Reece)**, Brenda; **#26 - Barton (Larson)**, Carita; **#28 - Beadle (Blue)**, Cynthia; **#33 - Bell (McGasky)**, Kelli; **#35 - Benson**, Qualetha; **#38 - Bisk (Renner)**, Heather; **#46 - Borrelli**, Amie; **#54 - Brooker**, Shana; **#57 - Estate of Bobbie Jo Brown**; **#61 - Brunson (Russell)**, Yalonda; **#66 - Burke (Barrie)**, Elizabeth; **#68 - Burks**, Heather; **#70 - Buschle**, Kelly; **#76 - Campbell (Langlios)**, Heather; **#78 - Carmack (Haynes)**, Janie; **#80 - Castelletti**, Rachel; **#81 - Catellier (Laviolette)**, Autumn; **#83 - Chapman**, Crystal; **#88 - Christou**, Melissa; **#93 - Clark**, Kristina; **#96 - Clickner,** Rachel; **#102 - Collins (Gee)**, Stephanie; **#104 Connor**, Judith; **#107 - Cooper (Mothes)**, Melissa; **#110 - Cox**, Sakenna; **#112 - Crawford (Cooper)**, Kelsie; **#114 - Crouch**, Donna; **#116 - Czajka (Warren)**, Amy; **#117 - D'Souza (McKelvey)**, Barbara; **#120 - Damico (Badman)**, Kristina; **#125 - Dawson-Wilkinson,** Laura Ann; **#129 - Demott**, Diana; **#130 - Destephan**, Donna; **#132 - Dipierro (Pickering)**, Natalee; **#135 - Dodge**, Sonia; **#136 - Dolan (Humphrey)**, Krystal; **#155 - Fallarino**, Sue; **#157 - Fatcheric (Lawson)**, Virginia; **#160 - Figueroa**, Norma; **#166 - Frappier (Brooks)**, Tonia; **#167 - Frazer**, Susan; **#168 - Freece (Giamblanco)**, Lori; **#170 - Fuchs**, Phyllis; **#175 - Gatchell (Bowerstock)**, Michelle; **#178 - Gilmour**, Patricia; **#181 - Goins**, Anju; **#182 - Goodsell**, April; **#183 - Gordon**, Sara; **#185 - Gray**, Gwendolyn; **#192 - Grooms**, Karrie; **#193 - Grossman**, Molly; **#195 - Gsell**, Leann; **#197 - Hadcock (Blakeman)**, Amie; **#201 - Hampton**, Melissa; **#202 - Harlem**, Qiana; **#203 - Hastings (Dyer)**, Marie K.; **#208 - Henderson (Whiteside)**, Andrea T.; **#209 - Hensley (Walker)**, Jennifer; **#210 - Herrera**, Deivis; **#214 - Holland**, Elizabeth; **#215 - Holloway**, Jennifer; **#218 - Hughes**, Danielle; **#220 - Huntley**, Amy; **#225 - Incorvia**, Josette; **#227 - Irwin**, Shannon; **#234 - Jeffries (Dray)**, Kendra; **#241 - Katz**, Shirley; **#242 - Kautz (Kuehl)**, Dawn; **#246 - Kinkle**, Anna; **#247**

**- Kirkby**, Jennifer; **#252 - Kuehnert**, Jacqueline; **#256 - Labus (Ray)**, Jilian; **#257 - LaFountain (Scoville)**, Stacey; **#261 - Lee**, Marianne; **#262 - LeRay**, Sadie; **#265 - Lievense**, Beth; **#271 - Lopez**, Francesca; **#276 - Luke**, Rebekah; **#281 - Madden (Covey)**, Jamie; **#282 - Majerus (Todd)**, Michelle; **#285 - Mansfield**, Jamie; **#288 - Maschino**, Josie; **#294 - McGough**, Kristen; **#303 - Miglis**, Jennifer; **#310 - Morgan**, Radharani; **#322 - Nunn**, Margaret; **#327 - Ortolani**, Elizabeth; **#329 - Owens (Smith)**, Samantha; **#333 - Paylor (McSpadden)**, Tracey; **#334 - Peacock (Peterson)**, Brit; **#336 - Pearce**, Denise; **#337 - Peters (Converse)**, Sue; **#351 - Quinn (Beckwith)**, Renee; **#352 - Quirk (Link)**, Dana; **#355 - Ramish (Brown)**, Leanne; **#360 - Reed**, Cindi Ann; **#362 - Reinhard**, Tara; **#363 - Reinhart (Casceden)**, Denise Mae; **#368 - Richardson**, Lakita Marie; **#371 - Robins (Stone)**, Julia; **#374 - Rodriguez (Shorter)**, Arlene; **#375 - Rolfe**, Erin; **#379 - Rowland**, Linda; **#383 - Rung**, Alicia; **#387 - Sabatini**, Jennifer; **#400 - Secrist**, Sarah; **#401 - Seda**, Janet; **#406 - Shannon**, Allison; **#407 - Sheehan**, Cynthia; **#411 - Shore**, Heather; **#413 - Shriver (Foster)**, Shannon; **#419 - Smith (Tytler)**, Frances; **#426 - Southern (Pearce)**, Leslie Ann; **#431 - Stauffer (O'Connell)**, Brenda; **#442 - Thiel**, Lorie; **#443 - Thomas (Pallister)**, Hillary; **#444 - Thomas**, Laura; **#448 - Thomsen**, Paige; **#450 - Tierno**, Monica; **#452 - Titus (Stork)**, Kylie; **#455 - Ujlaky**, Katherine; **#459 - Veal**, Delissa; **#461 - Vinsevich (Kanpp)**, Laurie; **#462 - Virginia**, Renee; **#468 - Wanner**, Paula A.; **#471 - Washington**, Karena; **#472 - Watkins**, Saundra; **#477 - Wheaton (Thayer)**, Michelle; **#482 - Whiting (Gibson)**, Amy; **#487 - Wilcox**, Laurel; **#488 - Wilkie-Kent (Wilkie)**, Dawn; **#500 - Wolfe**, Lettica; **#505 - Wyatt**, Nacola Lynn; **#509 - Zambito**, Brandie

Another group of allegedly aggrieved persons includes those who have not supported their claims with admissible evidence; in most cases the only material in the record that supports their claims is an unsigned and/or undated summary of what their testimony would be regarding the alleged harassment that they suffered.[6]  Therefore, the Court grants Defendant's motion for

---

[6] Plaintiff appears to argue that, because, during the course of discovery, then-Magistrate Judge Sharpe instructed Plaintiff to "supply Carrols with witness summaries that will serve to identify the witness and provide at least some insight into the witnesses' likely testimony," *see*

(continued...)

summary judgment with respect to the claims of the following "aggrieved" persons:

> **#19 - Baker**, Lindsay; **#24 - Barnes**, Erika; **#25 - Barnhizer**, Nancy; **#29 - Bean**, Linnea; **#30 - Beavers**, Amanda; **#44 - Bollinger**, Tracy; **#50 - Brennan**, Lisa; **#55 - Brooks**, Shannon; **#77 - Canavan**, Penny; **#89 - Church**, Laura; **#98 - Cody**, Bernadette; **#99 - Coleman**, Melissa; **#111 - Crandall**, Donna; **#119 - Dalrymple**, Debra; **#133 - Disorda**, Melissa; **#137 - Dotson (Herschberger)**, Kirsten; **#142 - Eaton**, Pamela; **#145 - Englehardt**, Brandy; **#156 - Fast**, Ginger; **#172 - Gallo**, Bridgette; **#177 - Giardini**, Sonya; **#186 - Greene**, Joy; **#194 - Grunas**, Anna; **#196 - Habernig**, Valerie; **#212 - Hites**, Billy Jo; **#216 - Holmes**, Stephanie; **#232 - Jason**, Margaret; **#238 - Joyner**, Shaniek; **#259 - Lattin**, Pamela; **#260 - Ledess**, Angela; **#268 - Logan**, Crystal; **#277 - Lukin**, Jennifer; **#280 - Mack**, Amanda; **#287 - Martin**, Fanny; **#290 - McArdle**, Meghan; **#295 - McGruder**, Sandra; **#298 - McLendon**, Crystal; **#309 - Moore**, Melissa; **#317 - Niemczura**, Jillian; **#318 - Nimetz (Masterson)**, Vikki; **#321 - Nunez**, Melissa; **#344 - Planthaber**, Alicia; **#345 - Plum**, Darla; **#349 - Powell (Welch)**, Louise; **#357 - Ratliff**, Marie; **#358 - Rau**, Laura; **#366 - Rhodes (Miller)**, Tammy; **#376 - Ross**, Jacqueline; **#377 - Ross**, Michelle; **#405 - Sexton**, Michelle; **#415 - Simons**, Nicole; **#420 - Smith**, Lindsay;  **#422 - Snell**, Samantha; **#423 - Snipes (Roark)**, Mary; **#429 - Stacy (Beachler)**, Shannon; **#430 - Stallings (Snader)**, Lauren; **#434 - Sullivan**, Emma; **#436 - Sutcliffe**, Elizabeth; **#466 - Walters**, Alisha; **#475 - Weeks**, Angela; **#476 - Weikel**, Tina; **#478 - White**, Barbara; **#480 - White**, Sarah; **#483 - Whitman**, Beth; **#491 - Williams**, Kikna; **#494 - Wilson**, Anne; **#499 - Winland**, Kristy; **#508 - Zacherewski**, Rachel

---

[6](...continued)

Dkt. No. 55 at 15, Plaintiff was not required to respond to Defendant's motion for summary judgment with admissible evidence.  This argument is specious.  Rule 56(c) clearly requires that "[a] party asserting that a fact . . . is genuinely disputed **must** support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, . . . admissions, interrogatory answers, or other materials . . . ."  Fed. R. Civ P. 56(c)(1) (emphasis added).  Furthermore, Rule 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).

-13-

### 2. The merits of the remaining claims

#### a. Hostile work environment/sexual harassment claims

To prevail on a hostile work environment claim, the plaintiff must establish two elements: "1) a hostile work environment; and 2) a specific basis for imputing the conduct that created the hostile environment to the employer." *Pugni v. Reader's Digest Ass'n, Inc.*, No. 05 Civ. 8026, 2007 WL 1087183, *13 (S.D.N.Y. Apr. 9, 2007) (citations omitted).  Regarding the first element, the plaintiff must demonstrate that her work environment was "'"permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."'" *Id.* at *14 (quoting *Oncale v. Sundowner Offshore Servs. Inc.*, 523 U.S. 75, 78, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993))).  This element has both a subjective and an objective component.  "'A work environment will be considered hostile if a reasonable person would have found it to be so and if the plaintiff subjectively so perceived it.'" *Id.* (quoting *Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 58 (2d Cir. 2004) (quoting *Brennan v. Metro. Opera Ass'n*, 192 F.3d 310, 318 (2d Cir. 1999))).  Furthermore, the conduct about which the plaintiff complains "'must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Id.* (quoting *Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004)).  Thus, "'[s]imple teasing, offhand comments, or isolated incidents of offensive conduct (unless extremely serious) will not support' a hostile work environment claim." *Id.* (quoting *Petrosino*, 385 F.3d at 223).

To determine whether the alleged harassment is sufficient to meet the "severe and pervasive" standard, "courts consider the totality of the circumstances, including such factors as

the frequency of the conduct, its severity, whether the conduct is physically threatening or humiliating, or a mere offensive utterance, and whether the conduct unreasonably interferes with the employee's work performance." *Id.* (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)) (other citation omitted).  Finally, the plaintiff must establish that the harassment was based on her gender.  *See id.* (citation omitted).

With regard to the second element, the plaintiff must demonstrate that "'a specific basis exists for imputing the conduct that created the hostile environment to the employer.'" *Id.* (quoting *Howley v. Town of Stratford*, 217 F.3d 141, 153-54 (2d[] Cir. 2000)).  In a situation in which "a supervisor with immediate (or successively higher) authority over the employee [has created the hostile environment], the employer is vicariously liable for the wrongful conduct." *Id.* (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998)).  However, if the employer does not take a tangible employment action against the employee, "the employer may establish an affirmative defense to liability or damages by showing that (a) . . . the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) . . . the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Id.* (citation and footnote omitted).

The Court has carefully reviewed the claims of those aggrieved individuals whose claims are not procedurally barred, drawing all reasonable inferences in favor of those aggrieved individuals, in light of the applicable law.  Having concluded that review, the Court finds that the claims of the following "aggrieved" persons fail, as a matter to law, to establish a claim of hostile work environment/sexual harassment.  Therefore, the Court grants Defendant's motion for

summary judgment and dismisses the claims of the following "aggrieved" persons:

**#3 - Alexander**, Brandy; **#5 - Allen**, Melanie; **#7 - Allen-Neal**, Zona; **#8 - Amato**, Kathleen; **#10 - Anderson**, Jessica; **#11 - Andrea**, Kristy; **#12 - Andrews**, Tamara; **#14 - Ashlbaugh**, Stacey; **#27 - Baskerville**, Shatonia; **#34 - Bell**, Lenellis; **#36 - Berry**, Viola; **#37 - Berthold**, Danielle; **#41 - Blauser**, Kristina; **#43 - Boardman**, Erin; **#51 - Brennan**, Tennika; **#52 - Brinker**, Treasure; **#53 - Brockington**, Dawna; **#62 - Bruzee**, Danielle; **#63 - Bruzee**, Natalie; **#64 - Bryant**, Shirley; **#65 - Bullen**, Patricia; **#71 - Bush**, Ann; **#73 - Byrnes**, Megan; **#75 - Campbell**, Cherisse; **#79 - Cartwright**, Rebecca; **#82 - Cates**, Hunter; **#84 - Chapman**, Kimberly; **#85 - Chicoine**, Janet; **#86 - China**, Ernestina; **#90 - Cialini (McInerney)**, Amber; **#94 - Clark**, Tammy; **#97 - Cobb**, Donna; **#108 - Countryman**, Heather; **#109 - Covino**, Sally; **#115 - Cushing**, Brenda Lee; **#118 - Dabolt**, Frances; **#121 - Daugherty**, Tonya; **#122 - Davis**, Erica; **#123 - Davis**, Kiera; **#126 - DeCarr**, Sharon; **#131 - Diamond**, Elizabeth; **#138 - Dove**, Charlotte; **#139 - Downey**, Rebecca; **#140 - Duncan**, Sharon; **#143 - Edwards**, Chalea; **#144 - Eisert**, Stephanie; **#148 - Erwin**, Billie Jo; **#162 - Ford**, Melanie; **#163 - Franchina**, Jonna; **#164 - Franklin**, Jessica; **#169 - Freemyer**, Connie; **#171 - Gabner**, Justine; **#174 - Gass**, Dawn; **#176 - Geib**, Heidi; **#188 - Greenwood**, Jade; **#190 - Griffith**, Lisa Marie; **#198 - Hall**, Tenisha; **#199 - Hallums**, Tiffany; **#200 - Hammons**, Naomi; **#207 - Helms**, Melanie; **#211 - Hillegass**, Joanna; **#217 - Huffman**, Dawn Danielle; **#224 - Hyman**, Alisa; **#228 - Isham**, Myrtis; **#229 - Jackson**, Andrea; **#233 - Javier**, Gemma; **#235 - Johnson**, Deborah; **#236 - Johnson**, Kimberly; **#237 - Joyner**, Patricia; **#240 - Kappenhagen**, Sandra Kay; **#245 - King**, Alice Kay; **#250 - Kostanoski**, Hilary; **#253 - Kuhn**, Jennifer; **#258 - Lairson**, Linda; **#266 - Lindenmuth**, Joyce; **#267 - Lindsay**, Sommonique; **#274 - Love**, Laquida; **#275 - Love-Philson**, Rhona; **#284 - Manley**, Angellyne; **#289 - Mayberry**, Dana; **#291 - McBirth**, Laundgenette; **#296 - McKeen**, Shauna; **#301 - Mick**, Tammy; **#302 - Migliaccio**, Erika; **#304 - Miles**, Alecia; **#305 - Miles**, Brenda; **#308 - Moody**, Carmen; **#312 - Musgrave**, Katherine; **#313 - Myers**, Kara; **#314 - Nash**, Pamela; **#323 - Ogdenski**, Charlene; **#325 - O'Loughlin**, Beth; **#326 - Ooten**, Tara; **#328 - Overman**, Tavia; **#330 - Pardee**, Audrey; **#335 - Peacock**, Marsha; **#340 - Phillips**, Susan; **#341 - Pilotti**, Angelina; **#342 - Pingle**, Rejina; **#343 - Pippens**, Elanda; **#347 - Popple**, Camille; **#348 - Powell**, April Dawn; **#350 - Pressley**, Jayme;

**#356 - Ranallo**, Carol; **#359 - Raynor**, Robin; **#364 - Reistetter**, Rhonda; **#365 - Rhodes**, Evelyn; **#370 - Robilotto**, Lisa; **#372 - Robinson**, Lisa; **#373 - Robinson**, Pamela; **#378 - Rowe**, Candice; **#380 - Rowley**, Rebecca; **#384 - Runyon**, Deborah; **#385 - Ryan**, Nicole; **#386 - Ryans**, Lakisha; **#388 - Sabol**, Jamie; **#391 - Sanderson**, Mary; **#392 - Sawyer**, Tammy; **#393 - Sayoc**, Suzanne; **#395 - Schmidt**, Patricia; **#396 - Scioli**, Jeanabeth; **#397 - Scott**, Amy; **#398 - Sealey**, Kwamina; **#399 - Searles**, Lavonda; **#402 - Seever**, Dawn; **#403 - Seever**, Deborah; **#409 - Shepherd**, Heather; **#412 - Showers**, Rebecca Jo; **#414 - Simonds**, Cindy; **#416 - Skidgel**, Viola; **#417 - Smith**, Cherice; **#418 - Smith**, Colleen; **#428 - Stacco**, Amanda; **#432 - Stevens-Sutton**, Sarah; **#433 - Stoops**, Jennifer; **#435 - Sullivan**, Margaret; **#437 - Swanson**, Becky; **#438 - Sweat**, Betty; **#439 - Swindle**, Brenda; **#440 - Syrios**, Rebecca; **#441 - Tatro**, Lynn; **#449 - Thuman**, Carrie; **#453 - Trautman**, Tarisa; **#454 - Tyndall**, Betty Renee; **#457 - Vaughn**, Cassandra; **#464 - Vorses**, Louise; **#465 - Walsh**, Rhonda; **#469 - Ward**, Kim; **#473 - Watson**, Monica; **#479 - White**, Melba; **#481 - White**, Tonuia; **#484 - Whitmore**, Mindy; **#485 - Whittingham**, Laticia; **#489 - Williams**, Crystal; **#490 - Williams**, Deborah; **#492 - Williams**, Tehra; **#495 - Wilson**, Cynthia; **#496 - Winbush**, Stephanie; **#497 - Wingard**, Angela; **#498 - Winke**, Vicky; **#502 - Woodard**, Dana; **#503 - Woods**, Kristy; **#504 - Wright**, Melody; **#507 - Yuhanick**, Michelle; **#510 - Zettler**, Kaaren A.; **#511 - Zimmerman**, Rebecca

With respect to the remainder of the claims, the Court notes that Defendant does not challenge the claims of the following aggrieved persons: **#189 - Gregoire**, Jennifer; **#239 - Kamburelis**, Charlene; and **#293 - McFarlan**, Wendy.[7]  In addition to these three claims, the Court, after carefully reviewing all of the admissible evidence in the record, concludes that there are issues of fact that preclude granting summary judgment with respect to the hostile work environment/sexual harassment claims of the following "aggrieved" persons:

_____

[7] Defendant states, with respect to each of these claims, that it "does not challenge this claim at this time but reserves the right to move for summary judgment against it upon the basis of further discovery."  The discovery deadline as well as the motion filing deadline have expired. The Court will not permit the parties to file any further dispositive motions in this matter.

**#1 - Akins**, Lisa; **#2 - Alaniz**, Crystal; **#4 - Alexander**, Jameesha; **#6 - Allen**, Sheryl; **#9 - Anderson**, Ja'Netta; **#13 - Arthur**, Irene; **#16 - Atkins**, Elese; **#17 - Bair**, Patricia; **#18 - Baker**, Kimberly; **#21 - Ball**, Rachel; **#22 - Bammer**, Angela; **#23 - Banks**, Heidi; **#31 - Beiwinkler**, Heidi; **#32 - Bell**, Denise; **#39 - Black**, Sharina; **#40 - Blackwell**, Jennifer; **#42 - Bliss**, Josie; **#45 - Booher**, Tammy; **#47 - Bowman**, Jessica; **#48 - Bradford**, Nellie; **#49 - Bradford**, Ronnette; **#56 - Brotherton**, Kim; **#58 - Brown**, Cheryl; **#59 - Brown**, Tanya; **#60 - Browning**, Dusty; **#67 - Burke**, Lorie; **#69 - Burton**, Linda; **#72 - Byars**, Ila; **#74 - Campbell**, Brenda; **#87 - Chinn**, Roberta; **#91 - Clark**, Brandy; **#92 - Clark**, Brenda; **#95 - Clayton**, Farabee**; #100 - Collett**, Maria; **#101 - Collins**, Joyce Marie; **#103 - Conklin**, Jennifer; **#105 - Cook**, Jane't; **#106 - Cooper**, Chandra; **#113 - Crook**, Brenda; **#124 - Davis**, Trudy; **#127 - Deluco**, Monica; **#128 - Demarest**, Carol Kinney; **#134 - Dixon**, Mary; **#141 - Dye**, Jessica; **#146 - Epley**, Janette; **#147 - Ernst**, Phyllis; **#149 - Evans**, Denise; **#150 - Evans**, Latisha; **#151 - Evans**, Nicole; **#152 - Evans**, Samantha; **#153 - Fabry**, Edna; **#154 - Falconer**, Michelle; **#158 - Federowicz**, Julie; **#159 - Felder**, Stephanie; **#161 - Fleming**, Robin; **#165 - Franklin**, Tawwor; **#173 - Garrison**, April; **#179 - Glowa**, Nicole; **#184 - Gorecki**, Victoria; **#187 - Greene**, Rebecca; **#191 - Grimes**, Patrice Nicole; **#204 - Headley**, Cassie; **#206 - Hedgepeth**, Meneyonne; **#213 - Hogan**, Rachel; **#221 - Hurlburt**, Megan; **#222 - Hurt**; Nicole; **#223 - Hyatt**, Deborah; **#230 - Jackson**, Casonya; **#231 - Jackson**, Valerie; **#243 - Kear**, Denise; **#244 - Killian**, Charlotte; **#248 - Kitchen**, Jessica; **#249 - Kohlhase**, Tabatha; **#251 - Krissinger**, Rachel; **#254 - Kullman**, Patricia; **#255 - Kurtz**, Pamela; **#263 - Lesher**, Jenny; **#270 - Longshore**, Thomasina; **#272 - Loucks**, Amanda; **#273 - Love**, Jenny; **#278 - Lupi**, Alicia; **#279 - Mabb**, Lauren; **#283 - Malicki**, Heather; **#286 - Marion**, Kristen; **#297 - McKinnon**, Staci; **#299 - Meece**, Barbara; **#306 - Miller,** Melissa; **#307 - Miller**, Yvonne; **#311 - Murnahan**, Jamie; **#315 - Neal**, Tramaine; **#316 - Neibert**, Donna; **#319 - Noesner**, Jennifer; **#320 - Norton**, Lori; **#324 - Oliver**, Alicia; **#331 - Parker**, Cathleen; **#338 - Peterson**, Tricia; **#339 - Phillips**, Angela; **#346 - Ponder**, Shannon; **#353 - Rachuna**, Elizabeth; **#354 - Rachuna**, Mary; **#361 - Reed**, Jonetta; **#367 - Rhoney**, Christina; **#369 - Ritz**, Deborah; **#381 - Rowley**, Shari; **#382 - Rufner**, Georgianna; **#389 - Saffer**, Abigail; **#390 - Sancomb**, Jennifer; **#394 - Scheiman**, Kimberly; **#404 - Settlecowski**, Heidi; **#408 - Shenck**, Leah; **#410 - Sherman**, Deborah; **#421 - Smith**, Tanya; **#424 - Snyder**,

-18-

Michelle; **#425 - Solon**, Debra; **#427 - St. Clair**, Geraldine; **#445 - Thomason**, Lucille; **#446 - Thompson**, Candice; **#447 - Thompson**, Clara; **#451 - Tinklepaugh**, Brandie; **#456 - Ulatowski**, Mary; **#458 - Vaughters**, Shante; **#460 - Vest**, Roberta; **#463 - Volk**, Elizabeth; **#470 - Warsop**, April; **#474 - Webster**, Maria; **#486 - Whittinghill**, Amelia; **#493 - Williams**, Victoria; **#501 - Wood**, Jessica

The Court has reviewed each of the aggrieved person's claims, as well as Defendant's arguments for their dismissal separately. However, given the number of claims, as well as the parties' familiarity with each others' arguments, the Court will discuss the claims as a group.

As an initial matter, the Court rejects Defendant's argument that the Court should dismiss most of these claims because "no timely charge has been filed claiming similar disparate treatment in the same general time frame and location and involving the same alleged participants." *See generally* Declaration of Renee B. Phillips dated February 27, 2006. Defendant takes too myopic a view of the extent and nature of Plaintiff's investigation of Ms. McFarlan's claim. Although it is true that many of the claims of the remaining aggrieved persons on whose behalf Plaintiff has brought this action worked at different stores within Defendant's franchise and, thus, suffered harassment and a hostile work environment, and in some cases, retaliation at the hands of different co-workers and managers, all of these aggrieved individuals allege claims that are similar in nature to Ms. McFarlan's, their claims arose from conduct that occurred within the relevant time frame, and all of these aggrieved individuals were harassed by individuals whom Defendant employed. Most importantly, these claims "'reasonably [could] be expected to grow out of the investigation'" triggered by Ms. McFarlan's charge. *CRST Van Expedited III*, 2009 WL 2524402, *13 (quotation omitted).

Furthermore, the conduct about which these aggrieved persons, many of whom were

-19-

teenagers at the time, complain rises far above the level of "'simple teasing, offhand comments, or isolated incidents of offensive conduct . . . .'" *Pugni*, 2007 WL 1087183, at *14 (quotation omitted).  Although the conduct differs in type and severity, running the gambit from repeatedly standing uncomfortably close to, rubbing up against, and offensively touching the bodies of these individuals to incidents of serious physical assault and rape, in addition to a constant barrage of sexually charged and offensive comments that were on-going, Plaintiff has, with respect to each of the remaining claims, raised a genuine issue of material fact about whether the environment about which these aggrieved individuals complain was sufficiently severe or pervasive to have a negative effect on the working conditions of a reasonable employee.  Thus, the Court finds that summary judgment is inappropriate with respect to these claims.  *See id.* at *16 (citation omitted).

Moreover, to the extent that the remaining aggrieved persons complain about harassment at the hands of their supervisors – which encompasses the vast majority of these claims – and the aggrieved person suffered no tangible adverse employment action, although the *Faragher/Ellerth* affirmative defense is available to Defendant, to prevail on this affirmative defense at the summary judgment stage, the "defendant must adduce **undisputed** evidence that a) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Id.* at *17 (citing *Faragher*, 524 U.S. at 807; *Ellerth*, 524 U.S. at 765) (emphasis added).  Defendant has not met this burden with respect to the remaining claims to which this defense applies.

To determine whether the defendant has met the first prong of this defense, "the existence of an anti-harassment policy with complaint procedures is an important, although not dispositive, consideration." *Id.* (citing *Caridad*, 191 F.3d at 295 (2d Cir. 1999), *cert. denied*, 529 U.S. 1107 (2000)). "The employee can rebut the employer's proof of an existing anti-harassment policy by showing that the policy is not effective." *Id.* (citing *Faragher*, 524 U.S. at 808, 118 S. Ct. 2275 (holding that an employer that has not disseminated its policy to its employees could not have exercised reasonable care to prevent harassment); *Mills v. George R. Funaro & Co.*, No. 99 Civ. 4816, 2001 WL 50893, at *11 (S.D.N.Y. Jan. 19, 2001) (denying summary judgment because, *inter alia*, the fact that the plaintiff's complaints to an office manager did not result in any investigation raised a genuine issue of fact as to whether employer's policy had force.)).

In the present case, with respect to the remaining claims to which Defendant has raised the *Faragher/Ellerth* defense, the individual aggrieved persons have asserted, among other things, that (1) they were not aware of the policy; (2) despite their complaints of harassment, management did little or nothing to remedy the situation; (3) although they signed a statement stating that they had received a booklet containing Defendant's sexual harassment policy, they did not, in fact, receive such a booklet or they received no information about this policy. The Court, therefore, finds that, to the extent that this affirmative defense applies to their claims, the aggrieved persons have raised a genuine issue with respect to the effectiveness of Defendant's sexual harassment policy in addressing their complaints.

In addition, with respect to those claims, in which an aggrieved person suffered harassment at the hands of a co-worker, under such circumstances, "an employer is liable for harassing conduct if it 'either provided no reasonable avenue for complaint or knew of the

harassment but did nothing about it.'"  *Id.* at *21 (quoting *Murray v. New York Univ. College of Dentistry*, 57 F.3d 243, 249 (2d Cir. 1995)).  With respect to those remaining claims that fit into this category, the individual aggrieved persons who complained about the harassment have raised an issue of fact regarding whether Defendant took any action regarding their complaints or, if Defendant did take some action, whether that action was reasonable under all the circumstances.  Finally, with respect to those individual aggrieved persons who did not complain about the harassment, their stated reasons for doing so raise an issue of fact about whether Defendant's asserted avenue for complaint was reasonable under the circumstances.

### b. Claims of retaliation

To prevail on a Title VII retaliation claim, the aggrieved person must demonstrate that (1) she participated in a protected activity known to her employer, (2) her employer was aware of her participation in the protected activity, (3) the employer took an employment action that disadvantaged her, and (4) there was a causal connection between the protected activity and the adverse employment action.  *See Allen v. Advanced Digital Info. Corp.*, 500 F. Supp. 2d 93, 109 (N.D.N.Y. 2007) (citing *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)).

In this context, a "protected activity" is an action that a person takes to protest or oppose statutorily-prohibited discrimination.  *See id.* (citing *Cruz*, 202 F.3d at 566 (citing 42 U.S.C. § 2000e-3)).  Opposing a Title VII violation does not need to be in the form of a formal complaint to be considered protected activity.  *See id.*  Rather, "'"opposition" includes activities such as "making complaints to management, writing critical letters to customers, protesting against discrimination by industry or by society in general, and expressing support of co-workers

-22-

who have filed formal charges."'"  *Id.* (quotation omitted).  Furthermore, there is no requirement

"'that the conduct opposed actually constitute a violation of Title VII.'"  *Id.* (quotation omitted).

Finally, the aggrieved person can establish the "causal connection" element of a retaliation claim

"'"indirectly by showing that the protected activity was closely followed in time by the adverse

action."'"  *Id.* (quotation omitted).

Several of the aggrieved persons whose claims have withstood Defendant's procedural

challenges have asserted claims for retaliation.  After reviewing these claims, the Court

concludes that Plaintiff has raised an issue of fact with regard to the retaliation claims of the

following aggrieved persons:[8]

> **#113 - Crook**, Brenda; **#124 - Davis**, Trudy; **#146 - Epley**, Janette;
> **#159 - Felder**, Stephanie; **#204 - Headley**, Cassie; **#222 - Hurt**,
> Nicole; **#230 - Jackson**, Casonya; **#254 - Kullman**, Patricia; **#273
> - Love**, Jenny; **#293 - McFarlan** Wendy; **#324 - Oliver**, Alicia;
> **#421 - Smith**, Tanya; **#427 - St. Clair**, Geraldine; **#470 - Warsop**,
> April

In particular, the Court notes that, with respect to each of these aggrieved persons,

Plaintiff has raised an issue of fact as to whether the employment actions that Defendant took,

which disadvantaged these individuals, such as cutting their hours, giving them more difficult

job duties than the ones that they regularly performed, changing their schedules for the worse, or,

in some cases, terminating their employment, in close proximity to the time in which these

aggrieved persons complained about the hostile work environment/sexual harassment, were in

---

[8] As the Court noted, Defendant did not move for summary judgment with respect to the
claims of **#189 - Gregoire**, Jennifer; **#239 - Kamburelis**, Charlene; and **#293 - McFarlan**,
Wendy.  However, the Court has reviewed the claims of these three individuals and finds that, of
these three individuals, only Ms. McFarlan's claim of retaliation survives Defendant's motion for
summary judgment.  Ms. Gregoire did not complain about retaliation, and Ms. Kamburelis did
not identify any adverse action that Defendant took against her.

retaliation for those complaints.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, including the individual claims of each of the 511 aggrieved persons on whose behalf Plaintiff brings this action, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Defendant's motion for summary judgment is **GRANTED in part** and **DENIED in part**;[9] and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Lowe for the purpose of holding a pretrial conference to discuss with counsel issues related to the most efficient manner in which counsel can present proof at trial regarding the claims of the aggrieved persons whose claims have survived Defendant's motion for summary judgment and to resolve any differences between counsel regarding such issues, as well as any other matters that counsel or Magistrate Judge Lowe consider necessary to resolve prior to trial. Magistrate Judge Lowe's chambers will contact counsel to set a date and time for such conference. After the Court receives notice that all pretrial issues have been resolved, the Court will schedule a telephone conference with counsel to establish dates for the submission of pretrial papers, a final pretrial conference and the commencement of the trial of this matter.

**IT IS SO ORDERED.**

───────────────────

[9] For ease of reference, the Court has attached, as Appendix "A" to this Memorandum-Decision and Order, a list of those aggrieved persons whose claims remain for trial.

Dated: March 2, 2011
          Syracuse, New York


                                    Frederick J. Scullin, Jr.
                                    Senior United States District Court Judge

APPENDIX "A"

**List of aggrieved persons whose claims remain for trial**

A.    **Hostile work environment/sexual harassment claims:**

#1 - **Akins**, Lisa
#2 - **Alaniz**, Crystal
#4 - **Alexander**, Jameesha
#6 - **Allen**, Sheryl
 #9 - **Anderson**, Ja'Netta
 #13 - **Arthur**, Irene
#16 - **Atkins**, Elese
#17 - **Bair**, Patricia
#18 - **Baker**, Kimberly
#21 - **Ball**, Rachel
#22 - **Bammer**, Angela
#23 - **Banks**, Heidi
#31 - **Beiwinkler**, Heidi
#32 - **Bell**, Denise
#39 - **Black**, Sharina
#40 - **Blackwell**, Jennifer
#42 - **Bliss**, Josie
#45 - **Booher**, Tammy
#47 - **Bowman**, Jessica
#48 - **Bradford**, Nellie
#49 - **Bradford**, Ronnette
#56 - **Brotherton**, Kim
#58 - **Brown**, Cheryl
#59 - **Brown**, Tanya
#60 - **Browning**, Dusty
#67 - **Burke**, Lorie
#69 - **Burton**, Linda
#72 - **Byars**, Ila
#74 - **Campbell**, Brenda
#87 - **Chinn**, Roberta
#91 - **Clark**, Brandy
#92 - **Clark**, Brenda
#95 - **Clayton**, Farabee
#100 - **Collett**, Maria
#101 - **Collins**, Joyce Marie
#103 - **Conklin**, Jennifer
#105 - **Cook**, Jane't

**#106 - Cooper**, Chandra
**#113 - Crook**, Brenda
**#124 - Davis**, Trudy
**#127 - Deluco**, Monica
**#128 - Demarest**, Carol Kinney
**#134 - Dixon**, Mary
**#141 - Dye**, Jessica
**#146 - Epley**, Janette
**#147 - Ernst**, Phyllis
**#149 - Evans**, Denise
**#150 - Evans**, Latisha
**#151 - Evans**, Nicole
**#152 - Evans**, Samantha
**#153 - Fabry**, Edna
**#154 - Falconer**, Michelle
**#158 - Federowicz**, Julie
**#159 - Felder**, Stephanie
**#161 - Fleming**, Robin
**#165 - Franklin**, Tawwor
**#173 - Garrison**, April
**#179 - Glowa**, Nicole
**#184 - Gorecki**, Victoria
**#187 - Greene**, Rebecca
**#189 - Gregoire**, Jennifer
**#191 - Grimes**, Patrice Nicole
**#204 - Headley**, Cassie
**#206 - Hedgepeth**, Meneyonne
**#213 - Hogan**, Rachel
**#221 - Hurlburt**, Megan
**#222 - Hurt**; Nicole
**#223 - Hyatt**, Deborah
**#230 - Jackson**, Casonya
**#231 - Jackson**, Valerie
**#243 - Kear**, Denise
**#239 - Kamburelis**, Charlene
**#244 - Killian**, Charlotte
**#248 - Kitchen**, Jessica
**#249 - Kohlhase**, Tabatha
**#251 - Krissinger**, Rachel
**#254 - Kullman**, Patricia
**#255 - Kurtz**, Pamela
**#263 - Lesher**, Jenny
**#270 - Longshore**, Thomasina

#272 - **Loucks**, Amanda
#273 - **Love**, Jenny
#278 - **Lupi**, Alicia
#279 - **Mabb**, Lauren
#283 - **Malicki**, Heather
#286 - **Marion**, Kristen
#293 - **McFarlan**, Wendy
#297 - **McKinnon**, Staci
#299 - **Meece**, Barbara
#306 - **Miller,** Melissa
#307 - **Miller**, Yvonne
#311 - **Murnahan**, Jamie
#315 - **Neal**, Tramaine
#316 - **Neibert**, Donna
#319 - **Noesner**, Jennifer
#320 - **Norton**, Lori
#324 - **Oliver**, Alicia
#331 - **Parker**, Cathleen
#338 - **Peterson**, Tricia
#339 - **Phillips**, Angela
#346 - **Ponder**, Shannon
#353 - **Rachuna**, Elizabeth
#354 - **Rachuna**, Mary
#361 - **Reed**, Jonetta
#367 - **Rhoney**, Christina
#369 - **Ritz**, Deborah
#381 - **Rowley**, Shari
#382 - **Rufner**, Georgianna
#389 - **Saffer**, Abigail
#390 - **Sancomb**, Jennifer
#394 - **Scheiman**, Kimberly
#404 - **Settlecowski**, Heidi
#408 - **Shenck**, Leah
#410 - **Sherman**, Deborah
#421 - **Smith**, Tanya
#424 - **Snyder**, Michelle
#425 - **Solon**, Debra
#427 - **St. Clair**, Geraldine
#445 - **Thomason**, Lucille
#446 - **Thompson**, Candice
#447 - **Thompson**, Clara
#451 - **Tinklepaugh**, Brandie
#456 - **Ulatowski**, Mary

**#458 - Vaughters**, Shante
**#460 - Vest**, Roberta
**#463 - Volk**, Elizabeth
**#470 - Warsop**, April
**#474 - Webster**, Maria
**#486 - Whittinghill**, Amelia
**#493 - Williams**, Victoria
**#501 - Wood**, Jessica

B.    **Retaliation claims**

**#113 - Crook**, Brenda
**#124 - Davis**, Trudy
**#146 - Epley**, Janette
**#159 - Felder**, Stephanie
**#204 - Headley**, Cassie
**#222 - Hurt**, Nicole
**#230 - Jackson**, Casonya
**#254 - Kullman**, Patricia
**#273 - Love**, Jenny
**#293 - McFarlan** Wendy
**#324 - Oliver**, Alicia
**#421 - Smith**, Tanya
**#427 - St. Clair**, Geraldine
**#470 - Warsop**, April